IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELAINE KIDD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-04477 |
| | § | |
| FEDERATED MUTUAL INSURANCE | § | |
| COMPANY AND ESSENCE BRANCH, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Elaine Kidd's ("Kidd" or "Plaintiff") Motion for Remand. (Doc. No. 6). Defendant Federated Mutual Insurance Company ("Federated Mutual") and Essence Branch ("Branch") (collectively the "Defendants") filed a Response. (Doc. No. 12). Plaintiff filed a Reply (Doc. No. 17), and the Defendants filed a Sur-Reply. (Doc. No. 23). Defendant Essence Branch ("Branch") also filed a Motion for Judgment on the Pleadings. (Doc. No. 13). Plaintiff did not respond to Branch's Motion. After considering the motions and the applicable law, the Court denies Plaintiff's Motion to Remand (Doc. No. 6). Defendant Branch is dismissed without prejudice, and, as such, her Motion for Judgment on the Pleadings is denied as moot. (Doc. No. 13).

### I. Background

This case involves a dispute between Plaintiff and her insurance company, relating to underinsured motorist benefits purportedly owed under an automobile policy issued by Federated Mutual (the "Policy").

On the day of the accident, Plaintiff was driving her car when another driver allegedly failed to yield the right of way from a private drive and collided into Plaintiff's vehicle. Plaintiff

sustained severe injuries. She attempted to recover for her injuries and damages under her Policy. Branch adjusted Plaintiff's claim. After an evaluation, Branch recommended that Branch deny Plaintiff's claim for damages. Federated agreed with Branch's recommendation, adopted Branch's evaluation, and denied Plaintiff's claim.

Plaintiff sued Federated Mutual in state court for contractual and extra-contractual damages arising from the alleged nonpayment of insurance benefits. Plaintiff also brought claims against Branch for violations of the Texas Insurance Code, fraud, and conspiracy to commit fraud. Defendants removed the case to federal court on the basis of diversity of citizenship jurisdiction, acknowledging that Branch shared citizenship with Plaintiff but alleging that she was improperly joined. Plaintiff subsequently filed a Motion to Remand, contending diversity of citizenship jurisdiction does not exist.

## II. Legal Standard

Federal courts have limited jurisdiction, so any doubts as to whether federal jurisdiction is proper are resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Accordingly, the removing party bears the burden of establishing that a state-court suit is removable to federal court. *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995). When evaluating a motion to remand, all factual allegations are considered in the light most favorable to the plaintiff, and any contested fact issues are resolved in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). Any doubts about the propriety of removal are to be resolved in favor of remand. *Acuna*, 200 F.3d at 339. "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. And Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

A defendant may typically remove a civil action filed in state court to federal court if the federal court would have had original subject matter jurisdiction over the case. 28 U.S.C. § 1441(a). When a defendant desires to remove a case to federal court, he is required to file a notice of removal in the federal district court for the district and division within which the state court action is pending. 28 U.S.C. § 1446(a). The notice of removal must contain a "short and plain statement of the ground for removal, together with a copy of all process, pleadings, and orders" from the state court. *Id.* To determine whether a claim arises under federal law, courts must look to the "well-pleaded complaint" to determine if the action could have been originally brought in federal court. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

## III. DISCUSSION

### A. Motion to Remand

Defendants removed this case to federal court on the basis of diversity jurisdiction, contending that Plaintiff improperly joined Branch. The only issue for this Court to decide is whether joinder of Branch, a non-diverse defendant, is improper. If Branch is improperly joined, then her citizenship is disregarded, and the Court would have diversity of citizenship jurisdiction over the case. *See Johnson v. Hublein*, 227 F.3d 236, 240 (5th Cir. 2000).

In order to properly remove a case forum state court to federal court, the removing defendant must demonstrate that all the requirements for diversity of citizenship jurisdiction are satisfied. Under 28 U.S.C. Section 1332(a), complete diversity must exist between the parties and the amount in controversy must exceed $75,000. Plaintiff and Defendant do not dispute that the amount in controversy exceeds $75,000, nor do the parties dispute the citizenship of all the parties. The burden is on the removing party to prove that the joinder of the non-diverse defendant was improper—"that is, to show that [a] sham defendant[] [was] added to defeat jurisdiction. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 575 (5th Cir. 2004).

The doctrine of improper joinder focuses on joinder, not the merits of the plaintiff's case. *Id.* at 573. The Fifth Circuit recognizes two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 575 (*citing Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir.2003)). The second way is otherwise known as fraudulent joinder. The test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the non-diverse defendant, "which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [a non-diverse] defendant". *Smallwood*, 385 F.3d at 575.

Courts resolve the issue in using one of two ways: (1) by conducting a Rule 12(b)(6)-type analysis, looking to the allegations of the complaint or (2) in limited circumstances, conduct a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the [non-diverse] defendant." *Id.* at 573–74.

In their Notice of Removal and their Response, Defendants argue that diversity jurisdiction exists because Plaintiff improperly joined Branch—the non-diverse defendant. (Doc. No. 12 at 2). The Court will conduct a Rule 12(b)(6)-type analysis to determine whether Plaintiff has demonstrated that there is some possibility of recovery against Branch.

Plaintiff asserts seven causes of action against Branch. More specifically, Plaintiff asserted five Texas Insurance Code violations (§§ 541.060(a)(1), 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(4), 541.060(a)(7), one fraud claim, and one conspiracy to commit fraud claim against Branch. The Court will discuss the viability of each category of claims.

### 1. Texas Insurance Code Violations

It is well settled that insurance adjusters can be held personally liable for violations of the Texas Insurance Code. *See* Tex. Ins. Code. § 541.002(2). That said, some insurance code violations are only applicable to the insurer—not the adjuster or employee. Courts have held that Sections under § 541.060(a)(2)(A), § 541.060(a)(3), § 541.060(a)(4), and § 541.060(a)(7) can only be asserted against the insurer. *Lopez v. United Prop. & Cas. Ins. Co.*, 197 F. Supp. 3d 944, 950 (S.D. Tex. 2016) ("The majority of federal courts that have addressed [§ 541.060(a)(2)(A)] have found that this section applies only to insurers, and that it does not apply to adjusters."); *Mainali Corp. v. Covington Specialty Ins. Co.*, 3:15–CV–1087–D, 2015 WL 5098047, at *4 (N.D.Tex. Aug. 31, 2015) ("[A]n adjuster cannot be held liable under § 541.060(a)(3) because an adjuster has no obligation to provide a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim, or offer of a compromise settlement of a claim."); *One Way Investments, Inc. v. Century Sur. Co.*, 3:14–CV–2839–D, 2014 WL 6991277, at *5 (N.D.Tex. Dec. 11, 2014) ("[A]n adjuster cannot be held liable under [§ 541.060(a)(4)(A)] because an adjuster does not have authority on behalf of the insurer to affirm or deny coverage of a claim to a policyholder."); *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 725 (N.D. Tex. 2014) (holding the only people who can be held liable under § 541.060(a)(7) are "the insurance company or the individual at the insurance company who refuses to pay the claim, not the individual responsible for conducting the investigation."). Accordingly, Plaintiff has not and cannot assert valid Texas Insurance Code violations under § 541.060(a)(2)(A), § 541.060(a)(3), § 541.060(a)(4), and § 541.060(a)(7) against Branch, an adjuster.

Therefore, the only remaining violation alleged against Branch under the Texas Insurance Code is a violation of § 541.060(a)(1).[1] Section 541.060(a)(1) prohibits "misrepresenting to a claimant a material fact or policy provision relating to coverage at issue." Tex. Ins. Code § 541.060(a)(1). Misrepresentations under this "provision must relate to the details of the Policy, "not the facts giving rise to a claim for coverage." *Messersmith*, 10 F. Supp. 3d at 724.

In regard to this violation, Plaintiff alleges that "Defendant ESSENCE BRANCH's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance." (Doc. Nos. 1-3 at ¶ 23, 21-2 at ¶ 23). The only other statements regarding misrepresentations provide that "BRANCH misrepresented to Plaintiff that the damage she sustained was not covered under the Policy, even though the damage was caused by a covered occurrence." (Doc. No. 21-1 at ¶ 18). This is not sufficient to state a claim. *SJ Auto Brokers, Inc. v. Union Ins. Co.*, No. MO:19-CV-00016-DC, 2019 WL 10369658, at *3 (W.D. Tex. July 24, 2019) (dismissing a plaintiff's claim for failure to state a claim where the plaintiff alleged only that the "[d]efendant misrepresented to Plaintiff that certain damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.")*See Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014) (finding no violation of § 541.060(a)(1) where the "alleged misrepresentations were that "there was no damage to [Coin Laundry's] roof when in fact there was damage."); *Exhibit Network Int'l, Ltd. v. Union Ins. Co.*, No. 4:19-CV-4221, 2020 WL 6785968 (S.D. Tex. Nov. 2, 2020), report and

---

[1] The Court notes that some courts have required a heightened pleading standard for Texas Insurance Code Section 541.060(a)(1) violations since the "gravamen of this [type of] claim is fraud." *See SJ Auto Brokers, Inc. v. Union Ins. Co.*, No. MO:19-CV-00016-DC, 2019 WL 10369658, at *3 (W.D. Tex. July 24, 2019). The Court analyzes Plaintiff's allegations under the more lenient standard. As discussed, Plaintiff's allegations do not meet the more lenient pleading requirements, much less the heightened pleading standard.

6

recommendation adopted sub nom. *Exhibit Network Int'l Ltd v. Union Ins. Co.*, No. 4:19-CV-4221, 2020 WL 6781631, at *4 (S.D. Tex. Nov. 18, 2020) (holding tat allegations failed to state a claim under § 541.060(a)(1) where the plaintiff "allege[d] only that the inspector misrepresented that the damage to Plaintiff's property is not storm damage, and therefore, not covered by the Policy."). The Court, therefore, finds that Plaintiff did not state sufficient facts to constitute a Texas Insurance Code violation under § 541.060(a)(1).

2. Fraud

Next, the Court will address Plaintiff's fraud claim against Branch. Defendants assert that "Plaintiff's claims for fraud and conspiracy to commit fraud fail because they do not satisfy the heightened pleading requirement of Rule 9(b), and Plaintiff cannot show she relied on Branch's alleged misrepresentations to her detriment." (Doc. No. 12 at 12). Additionally, Defendants take issue with Plaintiff's "blanket" statements. (Doc. No. 12 at 13). Plaintiff response makes little sense. Plaintiff contends that Defendants' argument "is more an attack on the merits of the claim, rather than an inquiry into improper joinder." (Doc. No. 17 at 17).

Defendants attack Plaintiff's compliance with Rule 9(b). Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9. The Fifth Circuit has interpreted Rule 9(b) to "require specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation why they are fraudulent." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir.2005).

The Court finds that Plaintiff did not adequately plead its cause of action for fraud against Branch. The causes of action concerning fraud are substantively identical between the Original

7

Petition and the First Amended Complaint. The only statements in the Original Petition and First Amended Complaint pertaining to fraud provide that:

> [e]ach and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as they did, and which FEDERATED MUTUAL INSURANCE COMPANY and ESSENCE BRANCH knew were false or made recklessly without any knowledge of their truth as a positive assertion. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

(Doc. Nos. 1-3 at ¶¶ 29, 30, 21-1 at ¶¶ 29, 20). Although the documents state "as described above" nowhere in the Original Petition or First Amended Complaint does the Plaintiff describe what was said, when it was stated, or why it was fraudulent. Plaintiff's recitation of the elements of a fraud cause of action is not sufficient under a Rule 12(b)(6) analysis nor does it comply with Rule 9(b).

### 3. Conspiracy to Commit Fraud

Lastly, the Court will discuss Plaintiff's allegation that Branch conspired to commit fraud. Similar to the fraud allegations discussed above, Plaintiff fails to plead a claim under which relief may be sought.

The only statements in the Original Petition and First Amended Complaint pertaining to conspiracy to commit fraud provide that:

> Defendants FEDERATED MUTUAL INSURANCE COMPANY and Case 4:22-cv-04477 Document 21-1 Filed on 03/28/23 in TXSD Page 10 of 18 11 | Page ESSENCE BRANCH were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants FEDERATED MUTUAL INSURANCE COMPANY and ESSENCE BRANCH committed an unlawful, overt act to further the object or course of action. Plaintiff suffered injuries as a proximate result.

(Doc. Nos. 1-3 at ¶ 31, 21-1 at ¶ 32). Plaintiff's recitation of the elements of a claim for conspiracy to commit fraud is not sufficient to survive a Rule 12(b)(6) analysis.

8

Since Plaintiff failed to state any viable claim against Branch under a 12(b)(6) analysis, the Court finds that Plaintiff's improperly joined Branch. As such, the Court will ignore Branch's citizenship for purposes of determining diversity jurisdiction. Without Branch, complete diversity exists. Thus, the Court denies Plaintiff's Motion to Remand. (Doc. No. 6).

## B. Rule 12(c) Motion for Judgment on the Pleadings

Defendant Branch filed a Motion for Judgment on the Pleadings in which it argues that the Court "should dismiss Plaintiff's claims against Defendant Branch because Plaintiff has not pleaded claims under which it may plausibly recover." (Doc. No. 13 at 7). Instead of filing a response on the merits, Plaintiff filed a Motion to Strike or Abate Defendant Essence Branch's Motion for Judgment on the Pleadings. (Doc. No. 18). In that Motion, Plaintiff contends she has not been provided "the opportunity of discovery" (Doc. No. 18 at 3), and that "Plaintiff should not be required to respond to the merits of the Rule 12(c) motion before the close of discovery in these proceedings." (Doc. No. 18 at 3).

As noted above, the court conducts a Rule 12(b)(6)-type analysis when determining whether a defendant is improperly joined. *Smallwood*, 385 F.3d at 572. The Court has determined that Plaintiff's claims against Branch do not survive such an analysis. As such, the Court must dismiss Plaintiff's claims against Branch without prejudice. The Court does not have jurisdiction to rule on Branch's Motion for Judgment on the Pleadings, as it would be an adjudication on the merits. *See Montoya v. State Farm Mut. Auto. Ins. Co.*, No. 16-00005 (RCL), 2016 WL 5942327, at *7 (W.D. Tex. Oct. 12, 2016) ("Because [the defendant] was improperly joined, his claims are dismissed without prejudice. The Court does not have jurisdiction to rule on his Motion to Dismiss, which would be an adjudication on the merits."). As such, Branch's Motion (Doc. No. 13) is denied as moot.

## IV. CONCLUSION

For the aforementioned reasons, the Court hereby denies Plaintiff's Motion to Remand. (Doc. No. 6). Since Branch was improperly joined, Plaintiff's claims against her are dismissed without prejudice. Branch's Motion for Judgment on the Pleadings is denied as moot. (Doc. No. 13).

Signed this 21st day of August, 2023.

Andrew S. Hanen
United States District Judge